UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ANDREA G. MARTIN, )
 )
    Plaintiff, )
 )
    vs. )   Cause No. _____
 )
FRANCISCAN ALLIANCE, INC. a/k/a )
FRANCISCAN ST. FRANCIS HEALTH )   **1:12-cv-1835 SEB-DKL**
And Greg Zoebel, )
 )
    Defendants. )

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff files her Complaint for disability discrimination, age discrimination, and retaliation in employment and for violation of the Family Medical Leave Act and Health Insurance Portability and Accountability Act against Defendant Franciscan St. Francis Health. There is a pendent state claim against Greg Zoebel which arises from the same factual circumstances. Plaintiff alleges as follows:

### PARTIES

1. Plaintiff Andrea G. Martin is an adult female citizen residing in Mooresville, Indiana. Her date of birth is July 2, 1965.

2. Defendant Franciscan Alliance, Inc. a/k/a Franciscan St. Francis Health ("Franciscan") is a corporate entity registered to do business in the State of Indiana, which owns and operates a health care system with numerous business situses in the central Indiana area. Franciscan employs in excess of 100 employees.

1

3. Defendant Greg Zoebel is an employee of Franciscan and was Plaintiff's former supervisor.

## JURISDICTION AND VENUE

4. Venue lies in this Court pursuant to 28 U.S.C. Section 1391.

5. This action is brought for violation of the Americans With Disabilities Act ("ADEA"), 42 U.S.C. Section 12101 et seq.; the Age Discrimination in Employment Act ("ADA"), the federal Family and Medical Leave Act, and the federal Health Insurance Portability and Accountability Act ("HIPAA"). The Court has jurisdiction pursuant to 29 U.S.C. Section 626. There is a pendent state claim over which the Court has jurisdiction.

6. In April, 2011, Plaintiff filed timely charges of disability discrimination in employment with the U.S. Equal Employment Opportunity Commission. The charge was amended in June, 2011 to add counts of age discrimination and retaliation in employment. She received a right to sue letter from EEOC in September, 2012. This Complaint is being brought within ninety days of receipt of the Notice by Plaintiff.

## FACTS

7. Plaintiff is a "qualified person with a disability" under the Americans With Disabilities Act because she has a physical impairment which substantially limits one or more of her major life activities, she had a record of such impairment, and/or she was regarded as having such impairment by Franciscan. She has been on intermittent Family and Medical Leave since November, 2010.

8. Plaintiff is employed by Franciscan part-time as an X-ray/CT Scan Technologist. She is Board certified. She works every weekend and is on call and can work up to two extra

days per week. She first became employed in March, 2002. At all times Plaintiff met the employer's legitimate job performance expectations.

9. In November, 2009 Plaintiff began experiencing medical problems. On March 19, 2011 Plaintiff experienced a medical episode while at work, which caused her to be transported to the emergency room. Plaintiff informed Mr. Zoebel of the incident when it happened so that he could get coverage for her and he became informed at that time of her medical condition. She returned to work on or about April 2, 2011.

10. When Plaintiff returned to work several of her co-workers reported to her that her CAT Scan Team Leader, Defendant Greg Zoebel, had talked to them about her medical condition, and mocked her in an insulting and defamatory manner.

11. Plaintiff reported the incident to members of Franciscan's HIPPA monitor, management and human resources department. Although Mr. Zoebel was relieved of his supervisory title, he continued to work with Plaintiff and to be in a position to affect Plaintiff and, contrary to Franciscan's policies, did not suffer any other discipline such as suspension, loss of income or other consequences.

12. After Plaintiff made the complaint about Mr. Zoebel, she began to lose extra CAT Scan shift assignments which she had in the past been given. Instead, two employees who are in excess of ten years younger than Plaintiff, and who were less experienced and qualified than Plaintiff, began to receive such assignments. Plaintiff was also denied a vacation request.

13. Although Plaintiff is still employed with Franciscan, she is being harassed and retaliated against and subjected to unwarranted disciplinary actions.

## COUNT I

14. Plaintiff incorporates by reference paragraphs 1-13, above.

15. Plaintiff's age was a factor in the harassment and loss of work assignments she experienced on and after April 2, 2011.

16. Franciscan's actions in discriminating against Plaintiff in whole or in part due to her age are a violation of the federal Age Discrimination in Employment Act.

17. The violation was willful and intentional or done with reckless disregard of Plaintiff's federally protected rights.

18. Plaintiff has been financially and emotionally harmed by the discrimination.

## COUNT II

19  Plaintiff incorporates by reference paragraphs 1-13, above.

20. Plaintiff's disability was a factor in the harassment and loss of work assignments she experienced on and after April 2, 2011.

21. Franciscan's actions in discriminating against Plaintiff in whole or in part due to her disability are a violation of the federal ADEA.

22. The violation was willful and intentional or done with reckless disregard of Plaintiff's federally protected rights.

23. Plaintiff has been financially and emotionally harmed by the discrimination.

## COUNT III

24. Plaintiff incorporates by reference paragraphs 1-13, above.

25. The actions of Greg Zoebel in violating Plaintiff's medical privacy were violations of HIPAA.

26. Plaintiff was discriminated against and retaliated against for complaining of such violation, in violation of HIPAA.

27. The violation was willful and intentional or done with reckless disregard of Plaintiff's federally protected rights.

28. Plaintiff has been financially and emotionally harmed by the discrimination.

## COUNT IV

29. Plaintiff incorporates by reference paragraphs 1-13, above.

30. Plaintiff's taking of intermittent Family and Medical Leave was a factor in the harassment and loss of work assignments she experienced on and after April 2, 2011.

31. Franciscan's actions in discriminating against and retaliating against Plaintiff in whole or in part due to her taking of Family and Medical Leave are violations of the federal FMLA.

32. The violation was willful and intentional or done with reckless disregard of Plaintiff's federally protected rights.

33. Plaintiff has been financially and emotionally harmed by the discrimination.

## COUNT V

34. Plaintiff incorporates by reference paragraphs 1-13, above.

35. The comments made by Defendant Greg Zoebel regarding Plaintiff's medical condition were false and communicated with reckless disregard as to their truthfulness or falsehood.

36. Such statements and rumors were communicated to third parties.

37. Such statements and rumors were defamatory *per se*.

38. Plaintiff has been damaged by such statements.

WHEREFORE, Plaintiff prays that she be awarded judgment in this cause and that the Court order Defendants to cease and desist from the above violations and actions and to pay to Plaintiff damages to fully compensate her for the violations, including but not limited to payment of lost wages and benefits, front pay, compensatory damages, reasonable attorney fees and costs of litigation, prejudgment and post-judgment interest, liquidated damages, compensatory and punitive damages, and for all other just and proper relief.

Respectfully submitted,

*Andrea G. Martin*
Andrea G. Martin
Plaintiff

*Deborah E. Albright*
Deborah E. Albright
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Comes now Plaintiff, by counsel, and prays that the Court set this cause for trial by jury on all issues so triable.

*Deborah E. Albright*
Deborah E. Albright

Deborah E. Albright
MONDAY JONES &
ALBRIGHT
1915 Broad Ripple Avenue
Indianapolis, IN 46220
(317) 251-1929
Atty. No. 3946-49