UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREA G. MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:12-cv-01835-SEB-DKL |
| | ) |
| FRANCISCAN ALLIANCE, INC. a/k/a | ) |
| FRANCISCAN ST. FRANCIS HEALTH | ) |
| And Greg Zoebel, | ) |
| | ) |
| Defendants. | ) |

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Comes now Plaintiff, and files her First Amended Complaint for disability discrimination, age discrimination, and retaliation in employment and for violation of the Family Medical Leave Act against Defendant Franciscan St. Francis Health. There is a pendent state claim against Greg Zoebel which arises from the same factual circumstances. For her First Amended Complaint, Plaintiff alleges as follows:

PARTIES

1. Plaintiff Andrea G. Martin is an adult female citizen residing in Mooresville, Indiana. Her date of birth is July 2, 1965.

2. Defendant Franciscan Alliance, Inc. a/k/a Franciscan St. Francis Health ("Franciscan") is a corporate entity registered to do business in the State of Indiana, which owns and operates a health care system with numerous business situses in the central Indiana area.

1

Franciscan employs in excess of 100 employees.

3. Defendant Greg Zoebel is an employee of Franciscan and was Plaintiff's former supervisor.

## JURISDICTION AND VENUE

4. Venue lies in this Court pursuant to 28 U.S.C. Section 1391.

5. This action is brought for violation of the Americans With Disabilities Act ("ADEA"), 42 U.S.C. Section 12101 et seq.; the Age Discrimination in Employment Act ("ADA"), and the federal Family and Medical Leave Act. The Court has jurisdiction pursuant to 29 U.S.C. Section 626. There is a pendent state claim over which the Court has jurisdiction.

6. In April, 2011, Plaintiff filed timely charges of disability discrimination in employment with the U.S. Equal Employment Opportunity Commission. The charge was amended in June, 2011 to add counts of age discrimination and retaliation in employment. She received a right to sue letter from EEOC in September, 2012. This Complaint is being brought within ninety days of receipt of the right to sue letter.

7. In October, 2012 Plaintiff filed a second charge of retaliation with EEOC, for which she has requested and received a right to sue letter. The original Complaint in this cause is being amended to include this second charge within ninety days of receipt of the right to sue letter.

## FACTS

8. Plaintiff is a "qualified person with a disability" under the Americans With Disabilities Act because she has a physical impairment which substantially limits one or more of her major life activities, she had a record of such impairment, and/or she was regarded as having such

impairment by Franciscan. She has been on intermittent Family and Medical Leave since November, 2010.

9. Plaintiff was employed by Franciscan part-time as an X-ray/CT Scan Technologist. She is Board certified. She worked every weekend and is on call and could work up to two extra days per week under the employer's guidelines. She first became employed in March, 2002. At all times Plaintiff met the employer's legitimate job performance expectations.

10. In November, 2009 Plaintiff began experiencing medical problems. On March 19, 2011 Plaintiff experienced a stress- related medical episode while at work, which caused her to be transported to the emergency room. Plaintiff informed Mr. Zoebel of the incident when it happened so that he could get coverage for her shift, and he thereby became informed at that time of her medical condition. She returned to work on or about April 2, 2011.

11. When Plaintiff returned to work several of her co-workers reported to her that her CAT Scan Team Leader, Defendant Greg Zoebel, had talked to them about her medical condition, and mocked her in an insulting and defamatory manner.

12. Plaintiff reported the incident to members of Franciscan's HIPPA monitor, management and human resources department. Although Mr. Zoebel was relieved of his supervisory title, he continued to work with Plaintiff and to be in a position to affect Plaintiff and, contrary to Franciscan's policies, did not suffer any other discipline such as suspension, loss of income or other consequences.

13. After Plaintiff made the complaint about Mr. Zoebel, she began to lose extra CAT Scan shift assignments which she had in the past been given. Instead, two employees who are in excess of ten years younger than Plaintiff, and who were less experienced and qualified than

3

Plaintiff, began to receive such assignments.  Plaintiff was also denied a vacation request.

14. Since Plaintiff filed her second charge of discrimination, she has been terminated from employment with Franciscan, after being subjected to several instances of harassment and unwarranted disciplinary actions.

## **COUNT I**

15. Plaintiff incorporates by reference paragraphs 1-14, above.

16. Plaintiff=s age was a factor in the harassment, loss of work assignments, unwarranted discipline, and termination which she experienced on and after April 2, 2011.

16. Franciscan's actions in discriminating against Plaintiff in whole or in part due to her age are a violation of the federal Age Discrimination in Employment Act.

17. The violation was willful and intentional or done with reckless disregard of Plaintiff's federally protected rights.

18. Plaintiff has been financially harmed by the discrimination.

## **COUNT II**

19 Plaintiff incorporates by reference paragraphs 1-14, above.

20. Plaintiff=s disability was a factor in the harassment, loss of work assignments, and termination which she experienced on and after April 2, 2011.

21. Franciscan's actions in discriminating against Plaintiff in whole or in part due to her disability are a violation of the federal ADEA.

22. The violation was willful and intentional or done with reckless disregard of Plaintiff's federally protected rights.

23. Plaintiff has been financially harmed by the discrimination.

## COUNT III

24. Plaintiff incorporates by reference paragraphs 1-14, above.

25. The actions of Defendant in giving Plaintiff unwarranted discipline and terminating Plaintiff were in whole or in part retaliation for her filing charges against Defendant.

26. The actions of Defendant were willful and intentional or done with reckless disregard of Plaintiff's federally protected rights.

27. Plaintiff has been harmed by the retaliation.

## COUNT IV

28. Plaintiff incorporates by reference paragraphs 1-14, above.

29. Plaintiff=s taking of intermittent Family and Medical Leave was a factor in the harassment, loss of work assignments, and termination she suffered as an employee of Defendant.

30. Franciscan's actions in discriminating against and retaliating against Plaintiff in whole or in part due to her taking of Family and Medical Leave are violations of the federal FMLA.

31. The violation was willful and intentional or done with reckless disregard of Plaintiff's federally protected rights.

33. Plaintiff has been harmed by the discrimination.

## COUNT V

34. Plaintiff incorporates by reference paragraphs 1-14, above.

35. The comments made by Defendant Greg Zoebel regarding Plaintiff's medical

condition included statements made in a mocking manner that she was having "mental problems," that she was "seeing little green men coming out of her TV set," and that he was telling them this because " the truth shall set you free." He then laughed about her in front of the other employees.

36. Defendant Zoebel's comments were false and were communicated with reckless disregard as to their truthfulness.

37. Such statements and rumors were communicated to third parties.

38. Such statements and rumors were defamatory *per se*.

39. Plaintiff has been damaged by such statements.

WHEREFORE, Plaintiff prays that she be awarded judgment in this cause and that the Court order Defendants to cease and desist from the above violations and actions and to pay to Plaintiff damages to fully compensate her for losses caused by the violations and actions, including but not limited to payment of lost wages and benefits, front pay, statutory liquidated damages where legally allowed, compensatory damages where legally allowed, reasonable attorney fees and costs of litigation, prejudgment and post-judgment interest, punitive damages where legally allowed, and for all other just and proper relief.

                                        Respectfully submitted,

                                        s/ Deborah E. Albright
                                        Deborah E. Albright
                                        Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Comes now Plaintiff, by counsel, and prays that the Court set this cause for trial by jury on all issues so triable.

                                                s/ Deborah E. Albright
                                                Deborah E. Albright

Deborah E. Albright
MONDAY JONES &
    ALBRIGHT
1915 Broad Ripple Avenue
Indianapolis, IN 46220
(317) 251-1929
Atty. No. 3946-49